JAMES DALTON et al., Appellants, *v.* CYRUS BENTLEY, Administrator, &c., Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A. agreed to deliver B. all the lumber which A. should make at his mills within a specified time, at a fixed price, of which one hundred dollars was paid at the execution of the agreement; A. failed to perform, whereupon B. sued upon the special agreement and recovered judgment; afterwards B. sued for money had and received, to recover the $100, paid on the execution of the agreement. *Held*, that the former proceedings and judgment were a bar to a recovery in the second action.

THIS cause was heard before J. M. WILSON, Judge, at May term, 1853, of Cook county Court of Common Pleas.

The opinion contains a statement of the case.

THOMAS HOYNE, for appellants.

J. N. ARNOLD, for appellee.

CATON, J. It seems to me that the statement and application of a few very plain principles of law will settle the question presented by this record. By an agreement entered into between the Daltons, and Bentley & Orr, the former agreed to deliver to the latter, at White Lake, all the lumber they should make at their mill, at that place, within a specified time; for which Bentley & Orr agreed to pay them five dollars and fifty cents per thousand feet, of which one hundred dollars was to be paid down upon the execution of the agreement, which was done. The Daltons refused to deliver the lumber, for which Bentley & Orr brought an action upon the special agreement, in which they recovered a judgment. Now this suit for money had and received, is brought against the Daltons to recover back the money which was paid them upon the execution of the agreement, in bar of which the defendants below set up the former proceedings and judgment, and the only question is, whether that constituted a bar. When Bentley & Orr had paid a part of the purchase-money of the lumber, according to the terms of and under the agreement, and the Daltons had refused to deliver the lumber as they had agreed, Bentley & Orr had the right to annul the contract, which the other parties had thus violated, and proceed as if it had never existed, and recover the money

back which they had paid upon the agreement as for money had and received. The law allowed them to say there was no agreement, because the other parties had acted as if none had existed, by their refusal to comply with its terms. Or the purchasers had the right to treat the contract as still subsisting, and bring their action upon it for its violation, and recover whatever damages they had sustained by reason of the non-performance of the other parties. They chose to affirm the agreement, brought their action upon it, and recovered whatever damages they had sustained by reason of the non-delivery of the lumber, according to the terms of the agreement, which was the violation complained of. Now, what damages did the law allow them for the non-delivery of the lumber? There can be but one answer to this question. If the lumber was paid for, then they were entitled to recover its value at the place of delivery; if it was not paid for, then they were entitled to recover as much more as the lumber was worth at the place of delivery, than the price agreed to be paid therefor. Or if a part was paid for and a part not, then they were entitled to recover the full value of that which was paid for, and as to the balance they could recover the enhanced value above the contract price. Suppose, instead of paying for twenty thousand feet they had paid for the whole eight hundred thousand feet, no idea would have been entertained but that they would have been entitled to recover the full value of the lumber at White Lake, whether that value was greater or less than the contract price, and, indeed, no inquiry would have been made, whether the value was greater or less than the price paid. When a party brings a suit upon a contract he affirms it, and must seek his remedy under it, for every right which the contract secures to him, and which has been withheld by the other party. The contract, when thus affirmed, constitutes an indivisible claim to indemnity, which cannot be divided into several claims, and a part recovered in one action and a part in another. In this case it is true Bentley & Orr could not have recovered in the former action, which was upon the special agreement, for the money which they had paid on the agreement, as for money paid, but they were entitled to recover the full value of the lumber for which that money paid, and in that way the same measure of justice was meted out to them. When suing upon the agreement, they could not recover back the money, or rather damages, because the money was not paid back, for the very simpler eason that there was no agreement that the money should be paid back; but the agreement which had been violated was, that the other parties should

deliver them certain lumber which that money paid for, and as we have already seen the measure of damages for the violation of that portion of the agreement was the simple value of the lumber, and the presumption is, that they recovered that value in that action, or if they did not, they should have sought their remedy in a reversal of that judgment, that they might in a new trial have all the damages to which they were entitled. We cannot, in this case, examine that record to see whether that case was correctly decided and that justice done the parties to which they were entitled, but as that judgment has been acquiesced in, we are bound to presume that the parties did obtain all that they were entitled to. After the Daltons had violated the agreement and thus practically repudiated it, Bentley & Orr had a right to proceed as if it had never existed, and sue for the money which was actually paid upon it, as money advanced, at their request, under an implied agreement that it should be repaid; but after suing upon it and recovering damages for its violation, it was too late to deny its existence, and claim that the money was paid upon some other account. When they insisted upon the special agreement for one purpose, they were bound to recognize and abide by it for all purposes. They were estopped to deny that the money was paid for lumber purchased by that agreement, and having thus abandoned the right to treat that payment as money advanced to the defendants below, on an implied agreement to be repaid, it could not properly be admitted to sustain a declaration counting on such a cause of action. The recovery in the former suit constituted a complete bar to the cause of action relied upon in this, and the finding and judgment should have been for the defendants below.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*