### JAMES RAINS

*v.*

### JAMES B. MANN *et al.*

1. MORTGAGE—*foreclosure and sale for part of debt,· when a release of lien as to all.* ·It has been held by this court, that a party holding indebtedness secured by mortgage might foreclose the mortgage for any sum then due, and no more, and that when he elects to sell under a power in the mortgage, or to foreclose in chancery, he could only sell or foreclose for the amount then due, according to the terms of the mortgage, and that it of necessity operated to release the security for the amount not due.

2. Where a mortgagee foreclosed his mortgage as to the last of three notes falling due, the first having been paid and the second then due, and a sale was had of the mortgaged premises, it was *held,* on a second bill by him to foreclose as to the second note, that the lien of the mortgage was released as to creditors and as to parties holding the land under the prior foreclosure and sale.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. MERRITT & WATTS, for the appellant.

Mr. HENRY C. GOODNOW, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellee Mann owed James Rains $440, and on the 25th day of November, 1857, gave his three promissory notes to secure the amount, which he owed him as purchase money on a tract of land he had purchased. The two notes first and last falling due were fully paid, but the second note, for $200, falling due on the 25th of December, 1858, was not paid. The note for $200, due December 25, 1859, was, however, only paid by a foreclosure of the mortgage given on the land to secure their payment. That note not having been paid, a bill was filed, and a decree was rendered at the March term, 1860, of the Marion circuit court, ordering the sale of the land by the master, which, when

sold, was purchased by one Smith, who assigned the certificate of purchase to the mortgagor. He applied to and obtained a deed from the master for the mortgaged premises, and subsequently conveyed the land to Embser, who afterwards sold a portion of it to Armstrong.

Complainant filed his bill to foreclose the mortgage in respect to the note falling due December 25, 1858, and made all persons in interest parties, and Embser and Armstrong filed a plea, setting up the previous foreclosure, and sale of the land by the master, and the conveyance by Mann to Embser of the land, and his sale of a portion of it to Armstrong, as a bar to the foreclosure for the payment of this note.

Complainant replied, admitting the foreclosure and sales, as set up in the plea; but averred that Smith, the purchaser at the master's sale, was the attorney for complainant, and purchased for him, and that defendants purchased with knowledge of all the facts. To this replication, Embser and Armstrong demurred. The bill was taken as confessed against Mann, and the demurrer was sustained to the replication, and the bill dismissed at complainant's costs, and he brings the record to this court, and assigns for error the sustaining the demurrer, and in not carrying it back to and sustaining it to the plea, and in dismissing the bill.

It appears from the bill, as well as the plea, that when the foreclosure was had, all of the notes secured by the mortgage had become due and payable. Appellant could then have proceeded to foreclose it, as well as that upon which the bill was filed. What, then, was the effect of foreclosing as to the last note in the series, when a note which had previously matured, and also embraced in the mortgage, was not claimed as a part of the mortgage debt, or in anywise set up as a subsisting claim or lien on the land? The question was presented in the case of *Smith* v. *Smith*, 32 Ill. 198, as to the effect of a foreclosure for a part only of the debt. It was there held, that a party might foreclose for any sum then due, and

no more, and that when he elected to sell under a power in the mortgage, or to foreclose in chancery, he could only sell or foreclose for the amount then due, according to the terms of the mortgage, and that it of necessity released the security for the amount not due.

If, then, the foreclosure of a part of the debt when a portion was not due operates to release the mortgage lien as to the latter, much more should a foreclosure for a part only of a mortgage debt, when it is all due, operate as a release of the portion not embraced in the foreclosure. This is manifestly true as to purchasers and creditors. Where the mortgage of record shows that the entire debt is due, and a portion only is foreclosed, all persons have a right to conclude that the other part of the debt has been paid. If not paid, it tends to mislead, and to induce action as though the lien was extinguished. Here, a foreclosure had been made on the last note, and the mortgagor was afterwards found to be invested with the title under the foreclosure. The usual course of business warranted purchasers in the conclusion that the first and second notes had been paid, as it rarely occurs that a suit is brought on the last note due, without including notes previously due, much less to thus foreclose a mortgage.

Then, if the foreclosure for a part of the debt released the lien of the mortgage for the balance, we can see no reason why the mortgage should be foreclosed for this note. The plea set up the facts, and they are admitted by the replication, which set up no new facts that avoided their force, and the court acted correctly in sustaining the demurrer to it, and in dismissing the bill.

*Decree affirmed.*