## MINOR *v.* HILL, ADM'R.

MORTGAGE.—*Promissory Note.—Foreclosure of Note Last Due by Holder of all.—Subsequent Purchaser.—Assuming Mortgage.—Notice.*—The holder of a mortgage on real estate, and of several promissory notes secured thereby, payable at different dates, can not, after having foreclosed the mortgage for the note last due only, again foreclose it for the residue of such notes, as against a person who, after the first foreclosure and without notice that such notes remain unpaid, purchases the mortgaged premises, assuming the amount of such mortgage as part of the purchase-money, paying the remainder thereof to his grantor.

SAME.—*Presumption of Payment.*—The purchaser, in such case, if he has no notice that such notes remain unpaid, has a right, as against such holder, to presume that they have already been paid.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn*, for appellant.

*H. D. Wilson* and *A. Anderson*, for appellee.

WORDEN, J.—This action was originally commenced by Henry B. Hill against the appellant Minor and others, but during the progress of the cause the plaintiff died, and William P. Hill, his administrator, was substituted as plaintiff.

The complaint, which was filed by the decedent, alleged, that on April 6th, 1863, one John La Count executed to Phillip M. Henkel a mortgage on certain real estate described, to secure the payment of three promissory notes of that date, executed by the mortgagor to the mortgagee, payable respectively in one, two and three years, the first two being each for $200, and the last for $130; that the mortgage was duly recorded; that on April 12th, 1863, Henkel transferred the notes and mortgage to the plaintiff. The complaint seeks to foreclose the mortgage as to the first two notes, and not the last. It is alleged, that Minor, the appellant, is in possession, and claims to be the owner, of the land, but his title is subsequent and subject to the plaintiff's mortgage, and came to him from deeds under La Count; that on October 28th, 1873, Minor took a deed from one Miltenberger for the land, who held a deed from La Count, in which deed from Miltenberger it was stipulated as follows:

" This conveyance is made subject to a certain mortgage, executed by John La Count to Philip M. Henkel, of Goshen, Indiana, which said mortgage is dated April 6th, 1863, and duly recorded," etc., " which said mortgage said Norton J. Minor hereby assumes and agrees to pay."

Prayer for judgment for $700, and for the foreclosure of the mortgage.

Minor answered as follows:

" Fifth Paragraph.—For further defence as to the al-

leged mortgage lien upon said land, in the said complaint mentioned, the defendant avers, that he is the owner and in possession thereof, by virtue of the said deed from said Miltenberger to him, referred to in said complaint, and that the notes sued upon in this action are the first two notes mentioned in said mortgage; that the third note mentioned in said mortgage, and the one last falling due, secured thereby, was, by the plaintiff's intestate, sued, and the said mortgage by him foreclosed, at the September term, 1873, of the Elkhart Circuit Court; that, in said action, the present defendants, John La Count, Philip M. Henkel, and also Joseph Miltenberger, this defendant's grantor, then in possession of said land, were made defendants; and such proceedings were therein had as that on the 6th day of September, 1873, said Henry B. Hill obtained a judgment on said note for the amount thereof and interest, and a decree for the foreclosure of said mortgage and sale of the said land to satisfy the said judgment, interest and costs; and thereafter the said Hill caused the same to be, by the sheriff of said county, duly advertised, and the said land was, by the said sheriff, on the 1st day of November, 1873, duly sold by virtue of such decree and order of sale; and the defendant avers, that the plaintiff's intestate was, and continued to be, the owner of all said notes from and after the said 12th day of April, 1863, and was such owner at the time said action of foreclosure was by him brought on the note last mentioned in his said mortgage, and at the time of such judgment, decree and sale aforesaid; and that the notes sued upon in this action were, at the time said other action was begun, due and payable, and had long theretofore, viz., nine years, been due; that this defendant was negotiating for the purchase of said land from said Miltenberger at the time the same was so advertised for sale by the said sheriff, and did purchase the same and receive said deed from said Miltenberger, referred to in said complaint, on the 28th day of October, 1873, and paid to

said Miltenberger the full contract price therefor, save and except the said mortgage debt so foreclosed, and for which the said land was about to be sold by the sheriff, which the defendant was to pay as a part of the purchase-price of said land, and which was the mortgage debt referred to in said deed; and the defendant avers, that at the time of such negotiation with, and purchase from, said Miltenberger, he had no knowledge whatever that the notes now sued upon were unpaid, but believed they had been paid, and that said judgment and decree of foreclosure constituted the sole and entire lien remaining on said land by virtue of such mortgage, and he purchased said land, and paid, and so agreed to pay, the contract price therefor, upon the full faith and belief that as the owner of such land, with a legal right to redeem the same from such sale, he would, by such redemption, wholly extinguish the lien of said mortgage upon the said land; and he did, within the time allowed by law, redeem the said land from such sale, and pay to the purchaser thereof the sum he had paid therefor, and interest, amounting to three hundred dollars; and defendant avers, that all of said notes arose out of an entire contract, viz., for the purchase of said land by said La Count. Wherefore," etc.

The plaintiff replied to this paragraph of answer, and the defendant demurred to the replication for want of sufficient facts, but the court carried the demurrer back to the answer and sustained the same to the answer. The defendant having withdrawn his other paragraphs of answer, and declining to amend that above set out, judgment was rendered for the plaintiff.

The question presented by the record is, whether the court erred in holding the foregoing paragraph of answer bad.

The question presented by the answer may be stated as follows: Can the holder of a mortgage on real estate, and three notes secured thereby, payable at different times,

after having foreclosed the mortgage for the note last due, again foreclose it for the two notes first due, as against the purchaser of the equity of redemption, who purchased after the first foreclosure, subject to the mortgage, and paid the purchase-money except the amount due on the mortgage, which he assumed to pay as part of the purchase-money, he having no notice at the time of his purchase that the two notes first due had not been paid?

This question, we think, must be answered in the negative.

The foreclosure of a mortgage for notes due does not bar an action afterward brought to foreclose for notes subsequently maturing, not due when the first action was brought. *Crouse* v. *Holman*, 19 Ind. 30.

A mortgage given to secure the payment of several notes, payable at different times, is considered, for the purpose of adjusting the rights of the several holders of the notes, where any of them have been transferred, as so many different mortgages, and the holder of the note first maturing will have priority over the others, and so on, the holder of the note last maturing being postponed to all the others. *The State Bank* v. *Tweedy*, 8 Blackf. 447; *Stanley* v. *Beatty*, 4 Ind. 134; *Hough* v. *Osborne*, 7 Ind. 140; *Sample* v. *Rowe*, 24 Ind. 208–215; *Davis* v. *Langsdale*, 41 Ind. 399.

But we are not aware that it has ever been held that a mortgage given to secure the payment of several notes, payable at different times, is so far divisible as that the holder of all the notes may, after they have all matured, have separate actions to foreclose the mortgage upon each note.

General principles would seem to require the holder, in such case, to include all his notes in one foreclosure suit, and not split up his cause of action by bringing several suits; and that, if he failed to include all, one foreclosure

should bar a subsequent action to foreclose. *Crosby* v. *Jeroloman*, 37 Ind. 264, and authorities there cited; Freeman Judgments, secs. 240–272.

But it is unnecessary in this case to decide, and we do not decide, that several actions may not be thus brought, where the rights of third persons are not injuriously affected thereby. It will be sufficient to decide that question when it is presented.

In this case, when Minor bought the equity of redemption and stipulated to pay the mortgage, judgment of foreclosure had been entered upon the last note, and he had no notice that the prior notes had not been paid, and it seems clear to us that he had a right, as against the plaintiff's intestate, to presume, from the fact that the foreclosure was entered upon the last note only, that the prior ones had been paid. As against him, under these circumstances, it would be inequitable to allow another foreclosure. This view is in harmony with, and sustained by, the case of *Rains* v. *Mann*, 68 Ill. 264. There a mortgage was foreclosed for the last due of three notes, the first being paid, and the second due and unpaid. It was held that there could not be a second foreclosure. The court said, " Much more should a foreclosure for a part only of a mortgage debt, when it is all due, operate as a release of the portion not embraced in the foreclosure. This is manifestly true as to purchasers and creditors. Where the mortgage of record shows that the entire debt is due, and a portion only is foreclosed, all persons have a right to conclude that the other part of the debt has been paid. If not paid, it tends to mislead, and to induce action as though the lien was extinguished."

Minor's stipulation, in the deed from Miltenberger to him, to pay the mortgage, can not, for the same reason, operate in favor of the plaintiff's intestate, beyond the amount for which he had foreclosed the mortgage.

We are of opinion, that the court erred in holding the paragraph of answer bad.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.