The Indiana, Bloomington and Western Railway Company v. Koons.

Filed March 4, 1886.

---

No. 11,860.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. KOONS.

CONTRACT.—*Judgment.*—*Merger.*—A party can not present by piecemeal, in successive actions, claims which grow out of an indivisible, entire contract, and the judgment in the first action brought is a conclusive merger of all amounts due under or arising out of the contract prior to the bringing of such action.

SAME.—*Only One Action for Breach of Entire Contract.*—Where a contract, upon an entire consideration, stipulates for the performance of several acts in favor of the same person, at the same time, it is entire, and separate suits can not be maintained to recover for the failure to perform each several act.

SAME.—*Former Adjudication.*—*Railroad.*—*Damages.*—*Dismissal.*—Where, in consideration of the conveyance of a right of way, a railroad company contracts with the land-owner to construct and maintain fences along such right of way and a crossing over the road, a judgment, in an action upon such contract, for damages for a failure on the part of the company to construct the crossing, is a bar to an action for a failure to construct the fences, although in the former action the plaintiff expressly dismissed and withdrew from the jury all claim for damages relating to the failure to construct the fences.

From the Henry Circuit Court.

*C. W. Fairbanks* and *O. Gresham*, for appellant.
*C. S. Hernly* and *S. H. Brown*, for appellee.

MITCHELL, J.—On the 31st day of January, 1882, the Indiana, Bloomington and Western Railway Company and Davault Koons entered into a written contract, in which it

was recited that in consideration that Koons had conveyed to the railway company a right of way over certain lands owned by him, the latter agreed to maintain fences along the right of way so conveyed, and to construct and maintain a good and sufficient crossing over its road, with cattle-guards on each side.

This suit was brought upon the contract. It was assigned as a breach thereof, that the railway company failed to erect the fences according to the agreement, whereby the plaintiff sustained damage. It is alleged that the reasonable cost for the erection of the fences will be eight hundred dollars, and that the plaintiff has sustained special damage by reason of the failure of the defendant, in that he has been for two years prevented from using his tillable and pasture lands lying adjacent to the unfenced right of way.

The defence is predicated upon a former adjudication, whereby it is claimed the plaintiff's right of recovery on the contract is merged in a prior judgment.

The answers alleged, in substance, that on the 12th day of October, 1883, in the Henry Circuit Court, the plaintiff impleaded the defendant in a certain action on the same written agreement and cause of action, to which the defendant appeared, and that by the consideration and judgment of the court, on issues joined on a complaint on the same identical contract, the plaintiff recovered a judgment of forty dollars, which remains in full force, etc.

To these answers it was replied, in substance, that in the former action the breach in the contract sued on, relating to the failure of the defendant to erect the fences, was withdrawn from, and stricken out of, the complaint before the jury retired, and that the finding and judgment in that case related solely to the breach of the contract in failing to construct the crossing and cattle-guards stipulated for in the agreement.

A demurrer was overruled to this reply. Upon trial by a jury, a verdict was returned for the plaintiff. Over a motion for a new trial, judgment was rendered on the verdict.

At the trial the defendant, in support of its special answers, offered in evidence the pleadings, record entries, and judgment in the former suit. Upon objection this evidence was rejected as immaterial and irrelevant. The following entry appeared on the record of the prior suit as it was offered in evidence: "Thereupon said plaintiff withdraws from the consideration of the jury and dismisses all claim for damages except for the breach of contract in failing to make crossing."

The question for determination is, was the judgment rendered in the prior action a bar, notwithstanding the dismissal of so much of the complaint as related to the claim for damages for the failure to build fences?

It was alleged in the complaint in the first action, that the railway company had built its railroad over the right of way conveyed to it by the plaintiff, and that it had been running its cars since the 1st day of February, 1882.

The railway company having, upon a consideration received by it, contracted to build the fences, and having taken possession of the land, it became its duty within a reasonable time to comply with its contract. The duty to build the fences, and to construct the crossing and cattle-guards, arose out of the same contract. The obligation of the railway company was to discharge both stipulations within a reasonable time. Failing to comply with its contract within a reasonable time, the plaintiff was entitled to maintain an action for a breach of the contract, and to recover as damages the reasonable cost of erecting the fences and constructing the crossing. It was not necessary that he should have first done the work which it was the duty of the railway company to do, before he could maintain the action. *Logansport, etc., R. W. Co.* v. *Wray*, 52 Ind. 578; *Lawton* v. *Fitchburg R. R. Co.*, 8 Cush. 230.

Having a right to recover for the failure to construct the crossing, the plaintiff had at the same time the right to recover on the same contract for the failure to build the fences. This being so, it was not competent for him, after recovering

part of the damages accrued in one suit, to maintain another suit on the same contract to recover other damages which had accrued when the first judgment was rendered.

A party will not be permitted to present by piecemeal, in successive suits, claims which grow out of an indivisible, entire contract, and which might have been litigated and determined when the first suit was brought. In such a case, the judgment in the first suit will be a conclusive merger of all the plaintiff's rights under the contract.

The rule is well stated in the following language: " Where the action is upon a contract, it merges all amounts due under or arising out of the contract, prior to the suit. They constitute a single, indivisible demand. The plaintiff can not be allowed to split up the various covenants or promises contained in one contract, and to recover upon each separately." Freeman Judg., section 240; *Ibid.*, section 272.

In *Henderson* v. *Henderson*, 3 Hare Ch. 100, 115, the rule was stated as follows: " Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case."

This salutary doctrine of the law is grounded upon principles which have become axiomatic, and which have often been applied by this court in cases involving claims arising out of contracts and for injury to property. *City of North Vernon* v. *Voegler*, 103 Ind. 314; *Richardson* v. *Eagle Machine Works*, 78 Ind. 422 (41 Am. R. 584); *Crosby* v. *Jeroloman*, 37 Ind. 264; *Ulrich* v. *Drischell*, 88 Ind. 354; *Ballard* v. *Franklin Life Ins. Co.*, 81 Ind. 239; *Green* v. *Glynn*, 71 Ind. 336; *Elwood* v. *Beymer,* 100 Ind. 504; *State, ex rel.*, v.

*Krug*, 94 Ind. 366; *Minor* v. *Hill*, 58 Ind. 176 (26 Am. R. 71); *Griffin* v. *Wallace*, 66 Ind. 410; *Bates* v. *Spooner*, 45 Ind. 489.

In *Richardson* v. *Eagle Machine Works, supra,* it was said: " The plaintiff having brought and prosecuted to final judgment one action for the defendant's breach of the contract sued on in this case, his remedy for that breach is exhausted. A party is not permitted to split up his cause of action and bring two suits for the same breach of a contract, where, as in this case, full damages might have been demanded and recovered in the first action."

This rule is applicable to all contracts which are entire and indivisible in their nature. Whether a contract is entire or not is to be determined by considering whether the obligation which it imposes is to be discharged at different times, or to different persons. If parties have stipulated in the same contract that a debt shall fall due in instalments, or that several distinct obligations which it imposes shall be performed at different times, at stipulated periods, or to different persons, the consideration for each separate act being either expressly or impliedly apportioned, they have thereby made the contract divisible in such a sense that an action may be maintained on the contract to recover upon each separate independent stipulation as it matures or is broken. In such a case, the presumption would be that all such claims under the contract as were matured, and which might have been included in the action, at the time it was commenced, were merged in the judgment. *Minor* v. *Hill, supra.* Whether it might be shown in such a case, that one or more of such claims as might have been included were withdrawn before judgment, we need not determine. When, however, a contract upon an entire consideration stipulates for the performance of several acts, in favor of the same person, at the same time, such a contract is entire, and separate suits can not be maintained to recover for its breach in respect to each several act stipulated to be performed. *Lucesco Oil Co.* v. *Brewer,* 66 Pa. St. 351; *Logan* v. *Caffrey,* 30 Pa. St. 196; *Secor*

v. *Sturgis*, 16 N. Y. 548; *Cromwell* v. *County of Sac*, 94 U. S. 351. Such claims constitute an entire and indivisible cause of action, and a judgment therein is a bar to any subsequent action founded on such claims. *O'Beirne* v. *Lloyd*, 43 N. Y. 248; *Beloit* v. *Morgan*, 7 Wall. 619; *Stein* v. *Steamboat Prairie Rose*, 17 Ohio St. 471; *Ewing* v. *McNairy*, 20 Ohio St. 315; *Dalton* v. *Bentley*, 15 Ill. 420; Wells Res Adjudicata, section 240, *et passim*.

The contract between the railway company and Koons was entire and indivisible. When any breach of it was made for non-performance, the breach was entire so far as it remained unperformed, and but one action could be maintained for such breach.

The withdrawal of a part of the claim in such a case before judgment can not preserve the right to bring another suit for the part so withdrawn. *Logan* v. *Caffrey, supra;* 2 Smith Leading Cases, 669.

The reasons for withdrawing the claim, which is made the foundation of the present action, from the consideration of the jury in the former suit, are not disclosed. Whatever may have induced the withdrawal, since the claim had then matured and arose out of an entire, indivisible contract, it can not now be made the subject of a separate, independent action. If the court erroneously rejected evidence which was offered in support of the claim, the appropriate remedy of the plaintiff was to secure a reversal of the ruling by appeal. Having allowed the case to proceed to judgment, the measure of his rights under the contract is determined by that judgment. The case is not within the ruling in *Block* v. *Ebner*, 54 Ind. 544.

The questions considered are presented by the assignments of error calling in question the ruling on the demurrer to the plaintiff's reply and in overruling the motion for a new trial.

For the error in these rulings the judgment is reversed, with costs.

Filed March 4, 1886.