Hord, Tr., *v.* Bradbury.

## HORD, TRUSTEE, SUCCESSOR TO BISSELL, TRUSTEE, *v.* BRADBURY.

[No. 18,784.   Filed January 3, 1901.]

TRUSTS.—*Sub-trustee—Entirety of Trust.*—A trustee for certain bond-holders, to whom had been delivered a trust deed upon certain real estate to secure the payment of bonds, was a non-resident, and for that reason, and for convenience in executing his duties as trustee, caused a conveyance of the real estate in settlement of the claim of the bondsmen to be made to his attorney as sub-trustee, and such attorney as such sub-trustee sold and reconveyed a large portion of the real estate, accounting therefor to the trustee.   *Held,* that no additional trust was created by the conveyance to the attorney, and that there was but one entire trust.   *pp. 26, 27.*

JUDGMENT.—*Former Adjudication.—Attorney for Trustee.—Action for Services.*—An attorney for a non-resident trustee, for convenience in performing the duties of such trustee, received a conveyance of certain real estate in his own name as sub-trustee, though no additional trust was created.   Later the attorney resigned and filed with the trustee his claim for services rendered both before and after he received the conveyance as sub-trustee.   From an adverse judgment the attorney did not appeal, but instituted an independent action to recover for certain items in respect to which the court had excluded his evidence.   *Held,* that there could be no recovery in the independent action since the judgment rendered in the former proceeding was a complete adjudication of his claim.   *pp. 28, 29.*

SAME.—*Former Adjudication.—Exclusion of Evidence.*—The exclusion of evidence properly admissible under the issues is as complete an adjudication as if the evidence were admitted, and then discredited by the finding.   *p. 29.*

SAME.—*Entry.—Presumption.*—As against the pleader, it will be presumed, in the absence of a direct averment to the contrary, that the entry was made at the same term at which the judgment was rendered, and while the case was *in fieri.*   *p. 29.*

SAME.—*Entry Following Judgment.—Effect of.*—A trial court cannot by entry following a judgment limit the effect of such judgment on the whole claim in issue.   *pp. 29, 30.*

SAME.—*Collateral Attack.—Former Adjudication.*—A judgment debtor cannot escape judgment by failing to appeal from erroneous rulings, and by relying on errors committed against him in the action in which judgment was obtained.   *p. 30.*

From the Hendricks Circuit Court.   *Reversed.*

*F. T. Hord* and *Lafayette Perkins,* for appellant.
*W. T. Brown,* for appellee.

BAKER, J.—Appellee's complaint (caption and exhibit omitted) reads: "Daniel M. Bradbury, the plaintiff, complains of Francis T. Hord, trustee, successor to George P. Bissell, trustee, and says that heretofore, to wit, on the 20th day of February, 1875, Nancy S. Beaty, of the city of Indianapolis, Marion county, Indiana, executed and delivered to George P. Bissell, trustee, a certain trust deed upon certain real estate in Beaty's addition to the city of Indianapolis, to secure the payment of thirty bonds for the sum of $1,000 each, which bonds were sold and are still held by divers persons whose names are to the plaintiff unknown; that said George P. Bissell remained and continued to act as such trustee for the holders of said bonds from the date of said trust deed until the 11th day of April, 1891, on which latter date said George P. Bissell died; that during the time in which said Bissell was acting as said trustee, and to the date of his death, he was a non-resident of the State of Indiana; that afterward, to wit, on the —— day of February, 1896, the defendant, Francis T. Hord, was by this court appointed as the successor to said George P. Bissell as trustee for the holders of said bonds; that during the time said George P. Bissell was acting as trustee as aforesaid, this plaintiff, at the instance and request of said George P. Bissell, trustee, and the beneficiaries in said trust, rendered to said Bissell and the beneficiaries in said trust divers and numerous services as their attorney in the matter of collecting, settling and adjusting the claim of George P. Bissell as trustee against said Nancy S. Beaty and her estate after her death; and that at the time of the death of said George P. Bissell, trustee, he was indebted to this plaintiff in the sum of $4,413.85 for said services, as is more fully shown by a bill of particulars herewith filed and made a part hereof, marked exhibit A; that on the

10th day of May, 1887, by an arrangement between said George P. Bissell, trustee, and John C. New, executor of the estate of Nancy S. Beaty, deceased, the balance of said claim on said bonds in favor of said George P. Bissell against the estate of said Nancy S. Beaty, deceased, was settled by receiving from said John C. New, executor, a conveyance for a large number of lots, to wit, 500 or more in Beaty's addition to the city of Indianapolis; that the conveyance for said lots was made to this plaintiff as a sub-trustee under and for said George P. Bissell, trustee; that while acting as said sub-trustee the plaintiff sold a large portion of said real estate and collected and received large sums of money; that afterwards, to wit, on the — day of April, 1894, the plaintiff resigned his trust as such sub-trustee to George P. Bissell, trustee; that on said last named date said Francis T. Hord was by this court appointed the successor of this plaintiff as such sub-trustee; and that since the appointment of said Francis T. Hord as such successor to him, the plaintiff, he has accounted and settled with said Francis T. Hord as such sub-trustee for all money and property in his, plaintiff's, hands as such trustee except the sum of $3,390.01, which sum the plaintiff retained in his hands and by the direction of the said George P. Bissell, trustee, has applied as hereinbefore set out, leaving a balance due and unpaid to the plaintiff on said account for said services of the sum of $1,431.72, and interest on $4,413.85 since May 10, 1895, to wit, $600. Wherefore plaintiff demands judgment that said sum of $3,390.01 still in his hands may be applied as a credit upon said plaintiff's claim for services as aforesaid, and that he may have judgment against the defendant as the legal successor of George P. Bissell, trustee, for said balance of said account for the sum of $2,500, and for all further and proper relief." On issues of denial, payment, and set-off, a trial was had, resulting in a judgment in appellee's favor. A demurrer was sustained to the following answer: "For a further and

fourth paragraph of answer to plaintiff's complaint, the defendant says that he admits that heretofore, to wit, on the 20th day of February, 1875, Nancy S. Beaty, of the city of Indianapolis, Marion county, Indiana, executed and delivered to George P. Bissell, trustee, a certain trust deed upon certain real estate in Beaty's addition to the city of Indianapolis to secure the payment of thirty bonds for the sum of $1,000 each, which bonds were sold and are still held by divers persons, and that said George P. Bissell acted as such trustee for the holders of said bonds from the date of said trust deed until the expiration of several years thereafter, but defendant says that on, to wit, the 5th day of April, 1894, and for many years prior thereto, the plaintiff was trustee of certain funds and property accruing and belonging to the holders of said bonds under said deed of trust; and that on, to wit, the 26th day of September, 1894, he filed in the superior court of Marion county, Indiana, in cause No. 47,063 of said court, his final report as such trustee; that on, to wit, the 4th day of October, 1894, Francis T. Hord, who was then and there by appointment of said superior court the successor to the plaintiff as such trustee, as such successor filed his exceptions in writing to said report; that in and by said final report said Bradbury charged said Hord as such successor for the same and identical services for which he seeks to recover in this action, and in and by said exceptions to said report said Hord as such successor denied that he as such successor was liable for said charge or that said Bradbury was entitled to compensation therefor; that said final report and said exceptions were thereupon on, to wit, said 4th day of October, 1894, referred by said superior court to Pierce Norton as master commissioner to take testimony and report to the court said testimony, together with any objections and exceptions thereto, and his finding of facts thereon in reference thereto; that upon the taking of said testimony said Bradbury introduced in evidence testimony in support of the same and identical charges

as are set forth in the plaintiff's bill of particulars attached to and made a part of plaintiff's complaint in this action, which testimony was upon motion of said Francis T. Hord as such successor stricken out of the record by said master commissioner, to which ruling of said master commissioner said Bradbury then and there took an exception; that thereafter, on, to wit, the 28th day of June, 1895, said master commissioner filed in said superior court, in pursuance of the aforesaid reference, his report upon the matter so as aforesaid referred to, and submitted to said court a longhand transcript of the testimony taken before him upon said matter, together with the briefs of counsel and all other papers and documents relating thereto; that thereafter, on, to wit, the 14th day of October, 1895, said Bradbury filed his exceptions to said report of said master, in which he set up the same and identical claim for which he seeks to recover in this action; that on, to wit, October 12, 1895, said Francis T. Hord as such successor filed his exceptions to said report of said master commissioner, and thereupon said final report of said Bradbury and said exceptions thereto of said Hord and said report of said master, together with said exceptions thereto of said Bradbury and said Hord and said testimony taken before said master commissioner, were argued before said superior court by counsel for said Bradbury and said Hord and taken up by said court for final determination, and said court, after listening to said argument, finally decided said matter, finding that there was due from said Bradbury to said Hord as such successor a certain sum of money, and rendered judgment thereon accordingly in the presence of said Bradbury and said Hord on, to wit, the 2nd day of November, 1895, in favor of said Hord as such successor for such sum and that said Hord as such successor recover of and from said Bradbury his costs and charges in said behalf laid out and expended; that on, to wit, the 30th day of November, 1895, upon motion of said Bradbury, said court attempted to modify said judg-

ment by adding thereto the following words: 'That said order and judgment shall be taken and held to be an adjudication of all claims whatsoever of D. M. Bradbury which have accrued since May 10, 1887, and the same shall not extend to or be held as an adjudication of any claim or claims of said D. M. Bradbury for compensation of services as attorney rendered to said bondholders and said George P. Bissell, trusteé herein, prior to the 10th day of May, 1887; that said order and judgment shall be without prejudice to the rights of said D. M. Bradbury in and to such claim for attorney's fees'; that thereafter, on said day, said Bradbury filed his motion for a new trial in said matter, in which he assigned as a reason for a new trial the overruling of that part of said exceptions of said Bradbury to said report of said master commissioner in which the said Bradbury set forth the same and identical claim as that sued upon in this action, and in said motion for a new trial he also assigned as a further reason for a new trial that the court erred in that upon said hearing before said master commissioner said master commissioner sustained the motion made by said Hord to strike out all evidence introduced in support of the claim of said Bradbury for attorney's fees and services rendered to the holders of said bonds and George P. Bissell as trustee therefor, said services and attorney's fees being the same and identical services for which said Bradbury seeks to recover in this action; that thereafter, cn, to wit, the 31st day of January, 1896, said court overruled said motion of said Bradbury for a new trial and granted said Bradbury sixty days within which to file his bill of exceptions; that said judgment as originally rendered is in full force and effect and unreversed; that the same identical debt and cause of action which is set forth in the case at bar was finally adjudicated and put at rest by the rendition of said judgment, as is shown by the aforesaid pleadings, papers, motions, evidence and entries in said cause, and the same evidence would support alike the debt

and cause of action so adjudicated in said court and the debt and cause of action sued upon in this cause; that thereafter, on said day, said Hord was appointed by said court as successor to said George P. Bissell as trustee for the holders of said bonds under said deed of trust and given the title under said appointment of 'Francis T. Hord, trustee, successor to George P. Bissell, trustee,' and as trustee under said appointment he is sued in this action; that thereupon, by order of said court, said Hord's trusteeship as said successor to D. M. Bradbury, trustee, was consolidated into said Hord's trusteeship under said appointment of January 31, 1896, and all property in the hands of said Hord as the successor to said Bradbury in his said trust was ordered by said court to be transferred to said Hord as trustee under the aforesaid appointment of January 31, 1896; that the beneficiaries under said Hord as the successor to said Bradbury in his trust and the beneficiaries of said Hord as the successor to said George P. Bissell, trustee, under said appointment of January 31, 1896, are the same and identical persons; that all the property and funds which ever came to said Hord under either of his aforesaid appointments came to him as the successor of said Bradbury in his said trust; and that the beneficiaries of said Hord as said successor to said Bradbury and the beneficiaries of said Hord as said successor to said George P. Bissell under said appointment of January 31, 1896, derived their rights by and through said deed of trust executed as aforesaid on the 20th day of February, 1875, by Nancy S. Beaty to George P. Bissell, trustee." Appellant alleges that various errors were committed, but, in view of the conclusion reached in respect to the answer of former adjudication, it is needless to determine more than the one assignment.

The sufficiency of the fourth paragraph of answer depends upon the solution of three questions: Were there two separate and distinct trusts, or was there but one entire trust? Did appellee perform services under two separate

and distinct contracts of employment, or under one entire contract? What effect is to be given to the Marion Superior Court's entry of November 30, 1895?

(1) The present action was prosecuted by appellee against Hord, trustee, successor to Bissell, trustee. The judgment pleaded as a former adjudication was rendered against appellee in favor of Hord, trustee, successor to Bradbury, trustee. If there were two trusts, there could be no such identity or privity of parties as would make the elder proceeding an adjudication of the later. A trust deed was executed in 1875. Bissell was named in it as trustee. The beneficiaries were the holders of the bonds secured by the trust deed. On default, it was Bissell's duty to proceed under the trust deed to collect the money due on the bonds. Bissell was a non-resident. Appellee was a resident lawyer. As shown by the first item in the bill of particulars, filed with the complaint as an exhibit, appellee began to render services in the enforcement and collection of the debt as early as May 7, 1881. By May 10, 1887, a part of the debt had been collected, and on that day (to quote from the complaint) "by an arrangement between Bissell, trustee, and the executor of the Beaty estate the balance of the claim on the bonds was settled by receiving from the executor a conveyance of 500 or more lots in Beaty's addition to Indianapolis, and the conveyance was made to this plaintiff [appellee] as a sub-trustee under and for Bissell, trustee, and while acting as such sub-trustee plaintiff [appellee] sold a large portion of the real estate and collected and received large sums of money." The lots were taken in settlement of the balance of the claims on the bonds. The bondholders were the beneficiaries. The lots became part of the fund in the trust that originated under the trust deed of 1875. The so-called sub-trusteeship was "under and for Bissell, trustee". It was, in substance, simply a convenience in executing Bissell's duties as trustee. There was, therefore, but the one entire trust.

(2) On May 7, 1881, there existed a contract between appellee on the one hand and Bissell, trustee, and the beneficiaries on the other, whereby appellee was employed at a *quantum meruit* to establish, enforce and collect the claim on the bonds secured by the trust deed. The complaint does not show any other contract of employment. The answer confesses the complaint and does not show any other contract of employment. On May 10, 1887, in settlement of the uncollected balance of the claim, Bissell, trustee, accepted certain lots. The bondholders thereby became the beneficial owners of the lots. The title was taken in the name of appellee "under and for Bissell, trustee for the bondholders". As Bissell was a non-resident, it is manifest that it would be a convenience in making deeds to purchasers to avoid the bother and delay of sending deeds back and forth through the mails. While Bissell lived, appellee was accountable to him for every step taken and every cent received in realizing on the claim after May 10, 1887, as well as before; and, similarly, all the funds of the one entire trust were liable to appellee's claim for services throughout his employment. Bissell died in April, 1891. Thereafter, during appellee's time of service, no intermediary stood between appellee and the beneficiaries. The beneficiaries were entitled at any time to call upon appellee for a full accounting of his stewardship, and appellee was entitled to a full settlement for services rendered. When appellee resigned, he filed his claim for all services—those rendered before May 10, 1887, and those afterwards. Hord, being appointed to represent the beneficiaries, contested the claim. Appellee offered evidence in support of the same charges for services rendered prior to May 10, 1887, that are contained in the bill of particulars attached to the complaint in this action. The court sustained Hord's objection to the evidence and excluded it. Judgment was rendered against appellee for a certain sum found due from him to the trust fund. Appellee moved for a new trial on the ground, among others,

that the court erred in excluding the evidence in support of the charges that are the basis of this action. Instead, of appealing, appellee began the present action to recover for the items in respect to which the Marion Superior Court excluded his evidence. The exclusion of evidence properly admissible under the issues is as complete an adjudication as if the evidence were admitted and then discredited by the finding. The cause of action exhibited in the complaint herein was within the issues in the case brought before the Marion Superior Court, was actually litigated therein, and was determined by the judgment rendered on November 2, 1895. The answer of former adjudication is, therefore, a complete bar, unless it is overborne by the entry of November 30, 1895.

(3) The entry was made four weeks after the judgment was rendered. As against the pleader, it will be presumed, in the absence of a direct averment to the contrary, that the entry was made at the same term at which the judgment was rendered and while the cause was *in fieri*. The entry, therefore, will be considered as having been made immediately following the judgment. By the entry the court declared that the judgment already rendered "shall not extend to or be held as an adjudication of any claim or claims of said D. M. Bradbury for compensation of services as attorney rendered to said bondholders and said Bissell, trustee herein, prior to the 10th day of May, 1887; that said order and judgment shall be without prejudice to the rights of said D. M. Bradbury in and to said claim for attorney's fees". This was just as effective as was a declaration that an instrument which in law constituted a mortgage should never be considered or treated as a mortgage. *Proctor* v. *Cole,* 66 Ind. 576. The effect of an attempted withdrawal of a part of a cause of action is fully considered in *Indiana, etc., R. Co.* v. *Koons,* 105 Ind. 507, and cases therein cited. In this case, however, there was no attempt to withdraw a part of the cause of action from the consideration of the

court in determining what judgment to render, but merely an attempt to limit the effect of a judgment rendered upon the whole claim in view of the evidence the court deemed admissible.

Appellee contends that appellant is not entitled to the benefit of the judgment as a former adjudication because it was upon appellant's objection that the evidence in support of the present complaint was excluded by the Marion Superior Court. An appellant can not obtain a reversal on account of erroneous rulings made at his request in the proceedings and judgment appealed from. But certainly a judgment debtor can not escape the judgment by failing to appeal from erroneous rulings and by relying, in a new action, on the errors committed against him in the former action in which the judgment was obtained.

Judgment reversed, with instructions to overrule the demurrer to the fourth paragraph of answer.

Monks and Hadley, JJ., did not participate in this decision.