EVANSVILLE AMERICAN LEGION HOME ASSOCIATION
*v.* WHITE.

[No. 29,642. Filed December 2, 1958. Rehearing denied
January 13, 1959.]

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellant.

*John H. Jennings* and *Gerald G. Fuchs,* both of Evansville, for appellee.

ARTERBURN, J.—This case is here on transfer from the Appellate Court.

The appellee, Anna Mary White, claims damages for personal injuries received when a folding chair collapsed upon which she was seating herself at a bingo game conducted by the appellant. The jury returned a verdict of $18,000.00 for the appellee.

The first and major question raised is the sufficiency of the evidence to sustain the verdict.

The pertinent parts of the evidence show that the appellee, Mrs. White, and her sister, attended a bingo game on the evening of the accident and bought tickets from the appellant for that purpose. After entering the hall she selected a chair at a table and pulled it out and sat down on it and the chair immediately collapsed. The chair involved was a metal folding chair put together with rivets and welding. An examination of the chair after the accident showed that the curl on the end of the rivet holding the two right legs of the chair together had been sheared or broken off. The place where the curl had come off was bright and shiny, not oxidized or corroded. It showed a recent shearing off.

We do not find any dispute in the evidence as to this fact.

Experts testified that the type of chair used would withstand an impact or shock load of 500 pounds before breaking and would hold 250 pounds with safety. The appellee testified she weighed 170 pounds at the time of the accident.

Appellee claims that an inference of negligence arises in this case under the doctrine of *res ipsa loquitur*, which the jury may consider; that she need make no further proof of negligence. It is urged that the chair was the property of and in the care of the appellant and the doctrine is applicable accordingly.

This is not a case of *res ipsa loquitur*. The chair was not in the exclusive possession and control of the appellant. The chair broke at the time it was in the actual control of the appellee. The failure and breaking occurred within the open observation of the appellee and view of other witnesses. No complicated machinery was involved which was enclosed, locked up, or the operation of which was excluded from the view of the appellee.

The doctrine of *res ipsa loquitur* is based to a large extent upon the ground that the evidence or facts concerning the operation of the injuring agency are within the special knowledge and control of the defendant and the injured party does not have free access to such information. Such is not the case here. *N. Y., Chicago & St. L. RR. Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N. E. 2d 531; *Hook* v. *National Brick Co.* (C. C. A. 7th 1945), 150 Fed. 2d 184; 3 Cooley on Torts (4th Ed.) Sec. 480.

The only question remaining is whether there is any evidence of negligence proximately causing the injury.

We believe there is not. In oral argument before us, counsel for appellee was not able to point out any specific item of negligence. It was urged however, that the inspection and testing of the chairs before their use should have been more thorough. There is no independent duty to make inspection upon which negligence can be based. The duty to inspect arises from knowledge of possible defects or their reasonable probability. There is no showing here that the appellant had any previous knowledge of the defective chair or had cause to suspect the chairs were defective. The undisputed evidence is to the contrary. The evidence shows that thousands of people had used the chairs, including the one in question during a period of some seven years without a single incident where one had collapsed while in use at the hall. The testimony also showed that when the chairs were set up for use on the evening of the injury, as each chair was unfolded, its stability was tested by the workman "by bearing down on them." There is no showing of actual or constructive knowledge on the part of appellant which would create a duty to make an inspection of the minute character that would have been required here to find the flaw which apparently was latent. The appellant was not an insurer against injury. *F. W. Woolworth Co.* v. *Jones* (1955), 126 Ind. App. 118, 130 N. E. 2d 672; *Hook* v. *National Brick Co.* (C. C. A. 7th 1945), 150 Fed. 2d 184.

"A man cannot be held responsible on the theory of negligence for an injury from an act of omission on his part unless it appears that he had knowledge or reasonably was charged with knowledge that the act or omission involved danger to another." 38 Am. Jur., Negligence, Sec. 23, p. 665.

Judgement is reversed with directions to grant a new trial.

Landis, C. J., and Bobbitt, J., concur in result.

Emmert and Achor, JJ., concur.

NOTE.—Reported in 154 N. E. 2d 109.