EVANSVILLE AMERICAN LEGION HOME ASSOCIATION *v*. WHITE

[No. 20,700. Filed November 8, 1967. Rehearing denied December 1, 1967. Transfer denied February 8, 1968.]

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellant.

*John H. Jennings* and *Harold M. Wilson, Jr.,* of Evansville, for appellee.

SMITH, J.—This is an action brought by Anna Mary White, Appellee, against Evansville American Legion Home Association, Appellant, for damages arising from personal injuries alleged to have been sustained as a result of negligence

of the appellant in furnishing appellee with a defective chair in appellant's amusement hall.

This action is of long duration—it was originally filed in the Vanderburgh Probate Court in March, 1954; and was afterwards venued to the Warrick Circuit Court wherein the following proceedings were had.

The original complaint was in one paragraph and was amended by interlineation in order to supply a prayer for damages which had been inadvertently omitted from the complaint.

The amended complaint charged that the defendant, Evansville American Legion Home Association, was a domestic corporation which owned a parcel of ground and an amusement hall located thereon in the City of Evansville, Indiana, in which said defendant sponsored and conducted Bingo games. The amended complaint specifically alleged that on February 26, 1953, the plaintiff, Anna Mary White, purchased a ticket from said defendant to be used for the purpose of playing Bingo; and that upon entering the amusement hall, she attempted to seat herself upon a chair furnished by said defendant, which chair immediately collapsed, thereby causing her personal injuries. The amended complaint further alleged that the building and the collapsed chair were both owned by said defendant and were both under the exclusive control of said defendant; and that said cause of action was one which, in the ordinary course of things, would not have arisen except for the negligence of said defendant.

To this amended complaint, as amended by interlineation, said defendant filed its answer.

Upon plaintiff's amended complaint, as amended by interlineation, and defendant's answer thereto, this cause was tried by a jury and a verdict was returned in favor of the plaintiff in the amount of $18,000.00, upon which verdict

judgment was rendered and from which an appeal was taken to this court. The cause was thereafter transferred to the Supreme Court of Indiana and the judgment of the trial court was reversed by the Supreme Court with instructions to the court below to grant a new trial.

A new trial was granted and the cause proceeded a second time to trial on plaintiff's amended complaint, as amended by interlineation, and defendant's answer thereto. On the second day of said second trial the plaintiff filed an additional paragraph of complaint. Upon the third day of said trial, and, upon defendant's motion to withdraw the submission of the cause from the jury, the court withdrew submission and discharged the jury, and ordered that the trial of said cause be continued.

Paragraph two of the amended complaint, after repeating the allegations of paragraph one of the amended complaint, in substance alleged that the chair in which the plaintiff attempted to seat herself was and had been in a defective condition in that the curl of the rivet supporting the right legs of the chair had completely chipped and worn away, that the cross-brace supporting the rear legs had become unwelded, and that the rubber tip fitted to the left front leg was missing. It charged the defendant with four specific acts of negligence, namely: (1) in furnishing plaintiff with a defective chair when it knew, or in the exercise of reasonable care should have known, of the condition of the chair; (2) in failing to repair and maintain the chair; (3) in failing to test or inspect the chair; and (4) in failing to warn plaintiff of the defective condition of the chair.

On the third trial, at the close of plaintiff's evidence in chief, the trial court sustained a written motion of the defendant to direct a verdict in favor of the defendant on the issues joined in paragraph one of the amended complaint. The court, at the conclusion of all of the evidence, gave to the jury its written peremptory instruction directing

the jury to find for the defendant on paragraph one of the amended complaint, and the jury thereafter returned its verdict in favor of the defendant as directed by the peremptory instruction. Thereupon the defendant moved for judgment on said verdict, and the court rendered judgment thereon. The judgment of the court reads as follows:

"And now the jury having rendered its verdict herein, the defendant moves the court for judgment on said verdict and now the court renders judgment thereon in accordance therewith.

"IT IS THEREFORE CONSIDERED AND ADJUDGED by the court that the plaintiff take nothing by the way of her amended complaint as amended by interlineation and that the defendant recover of and from the plaintiff its costs laid out and expended as to plaintiff's amended complaint as amended by interlineation."

As to the remaining issues as alleged and set forth in paragraph two of plaintiff's complaint and the answers of the defendant thereto, at the close of plaintiff's evidence in chief, the defendant filed its motion for a directed verdict, which motion the trial court overruled. Thereafter the cause was submitted to the jury on paragraph two of the complaint, and the jury, failing to reach a verdict, was thereupon discharged.

Thereafter a change of venue from the judge was taken and, after qualification of a special judge, this cause was submitted the fourth time for trial. At this fourth trial, before the commencement of the trial and before the impaneling of the jury, the defendant filed its written objections to the impaneling of the jury, the submission of plaintiff's paragraph two of the complaint for trial, and to any further proceedings being had in the trial of this cause. The court overruled said written objections and the cause was thereupon submitted to trial before a jury on the issues presented by paragraph two of the amended complaint and the answers thereto.

The fourth trial resulted in a verdict and judgment for the defendant, Evansville American Legion Home Association; and from which judgment an appeal was taken to this court.

In this appeal the defendant-appellee filed cross-errors. The defendant-appellee assigned as cross-errors the over-ruling of the defendant's written objections to further proceedings and submission of plaintiff's paragraph two of her complaint to the jury; that the trial court erred in giving to the jury its preliminary instruction number one over the objection of the defendant; that the trial court erred in over-ruling defendant's motion for a directed verdict at the conclusion of the evidence in chief for the plaintiff; that the trial court erred in refusing to give to the jury defendant's peremptory instruction number B at the conclusion of all the evidence; and that the trial court erred in refusing to give to the jury certain instructions tendered by the defendant.

The principal question raised by the cross-errors was whether or not, after an adverse final judgment rendered against the cross-appellee on the merits of paragraph two of the amended complaint, the cross-appellee is entitled to re-litigate the same cause of action a second time under a second paragraph of complaint without taking any steps to set aside the adverse judgment on the first paragraph of the complaint.

The specific contentions of the cross-appellant were as follows: The cross-appellant urges that the record clearly demonstrates that paragraph one of the amended complaint for personal injuries, allegedly sustained as a result of a collapsed steel chair on the premises of the cross-appellant, was based on the theory of general negligence pursuant to the doctrine of *res ipsa loquitur*.

The Supreme Court in disposing of the first appeal in this cause held in substance that the issues of paragraph one of the amended complaint proceeded on the doctrine of *res ipsa loquitur*, and that the facts alleged and proved did not

bring the case under the doctrine of *res ipsa loquitur*. The court said as follows:

"This is not a case of *res ipsa loquitur*. The chair was not in the exclusive possession and control of the appellant (Evansville American Legion Home Association). The chair broke at the time it was in the actual control of the appellee (Anna Mary White). The failure and breaking occurred within the open observation of the appellee (White) and view of other witnesses. No complicated machinery was involved which was enclosed, locked up, or the operation of which was excluded from the view of the appellee (White).

"The doctrine of *res ipsa loquitur* is based to a large extent upon the ground that the evidence or facts concerning the operation of the injuring agency are within the special knowledge and control of the defendant and the injured party does not have free access to such information. Such is not the case here." *Evansville American Legion Home Association* v. *White* (1959), 239 Ind. 138, 154 N. E. 2d 109.

The second appeal of this cause was disposed of by the Appellate Court in the case of *Anna Mary White* v. *Evansville American Legion Home Association* (1965), 207 N. E. 2d 820. The cause then was transferred to the Supreme Court, and Judge Landis in a majority opinion in substance held that the giving of certain instructions was erroneous and constituted reversible error. *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N. E. 2d 845. The cause was remanded to the trial court with instructions to sustain the motion for a new trial. The majority opinion of the Supreme Court did not consider the errors raised in the cross-error, and said as follows:

"It is not necessary to discuss the remaining contentions of error, as they are not likely to arise on a re-trial."

It is quite apparent that the Supreme Court in the second appeal of this cause did not disturb the judgment of October 25, 1960, rendered against plaintiff, Anna Mary White, and did not rule on the assigned cross-errors. After the cause had

been remanded, and the trial court had sustained the motion for a new trial, the defendant, Evansville American Legion Home Association, filed third and fourth paragraphs of answer and a motion for summary judgment on the ground that the judgment of October 25, 1960, was a bar to further proceedings. The trial court, on the motion of plaintiff, Anna Mary White, struck defendant's third and fourth paragraphs of answer and overruled the motion for summary judgment. The case was called for trial on July 25, 1966, and was submitted to trial by jury over the objection of defendant. On July 29, 1966, a verdict was returned in favor of plaintiff, Anna Mary White, in the amount of $17,500, and a judgment, contrary to the final judgment of October 25, 1960, was rendered for said plaintiff and from this appeal is now being prosecuted.

In this appeal the sole error assigned by appellant, Evansville American Legion Home Association, is that the trial court erred in overruling the motion for a new trial.

Appellant's motion for a new trial recites 63 specifications of error, part of which reads as follows:

"(1) The verdict of the jury is not sustained by sufficient evidence.
"(2) The verdict of the jury is contrary to law. . . ."

The other errors recited in the specifications of error contained in the motion for a new trial will not be considered because a consideration of the same is not necessary to dispose of this appeal.

It is the principal contention of the appellant in this appeal that the judgment of October 25, 1960, entered on the verdict of the jury upon paragraph one of the amended complaint is a final judgment which disposed of the subject matter of this litigation between appellee and appellant; that appellee had but a single cause of action for her alleged personal injuries, and a change in theory of what is but one cause of action is not sufficient to prevent the application of

the doctrine of *res judicata*. *Lieb* v. *Lichtenstein* (1889), 121 Ind. 483, 23 N. E. 284; *Cutler* v. *Cox* (1828), 2 Blackford 178; *United Oil and Gas Company* v. *Ellsworth* (1909), 43 Ind. App. 670, 88 N. E. 362.

Our Supreme Court in *Lieb* v. *Lichtenstein, supra,* stated as follows:

> ". . . It is not necessary that the form of the action shall be the same in both cases in order for the former to be a bar to the latter. It is sufficient if the question in controversy has been once litigated between the same parties."

In *Cutler* v. *Cox, supra,* the plaintiff brought an action in tort for deceit. The defendant therein alleged prior adjudication. The plaintiff in a prior action had impleaded the same defendant in an action in contract concerning the same river boat wherein the defendant, after a trial on the merits, recovered a verdict and a judgment thereon. After an analysis of the factual circumstances set out in the first complaint formerly adjudicated and the complaint then before the court, the court stated as follows:

> "From the view which we have now taken of this case, the *record does not appear to show any difference in these causes of action.* To establish the difference, the plaintiff relies on the facts, and the first suit is covenant, and the second case; that the gist of the one is contract, and of the other fraud; and that damages, covered by the last suit, have accrued since the termination of the first. These circumstances have been examined, and we find them all to be perfectly consistent with the idea, that the causes of the two suits are substantially the same. . . ." (Emphasis supplied).

The court further concluded that there was but one wrong, i.e., furnishing a defective boat, and since the first action on contract was to redress this alleged wrong, plaintiff's sole and only right of action was extinguished in the first action on contract. As stated by the court, the judgment in the first action:

" . . . settles also the present action on the case, because the substantial causes of the two actions being the same, as has been already shown, the decision which put to an end the one, must of course be a bar to the other. . . ."

The appellant further urges that the language of the court in the *United Oil and Gas Company* case, *supra,* is clearly applicable to the case at bar:

" . . . appellee concedes that as to every question which might have been decided or litigated within the issues in the former suit between these same parties the judgment in such suit would be *res judicata* of any such issue in the present suit. We find no fault with this proposition, but the error of appellee is in contending that the former being a suit in equity and the present action one at law the issues in each case, of necessity, must have been essentially or materially different. *This contention relates to the form of the action, and not to the subject matter, which is one of the controlling elements in determining the force of a plea of former adjudication. . . ."* (Emphasis supplied)

It is apparent from the record that the appellee sustained an injury which resulted from a collapsed chair. It is our opinion that for this alleged personal injury, the appellee has but a single cause of action whether she alleges one theory of liability or many theories of liability. The judgment of October 25, 1960, is a final judgment, and it disposed of the subject matter of the litigation and terminated the rights and liability of the appellee and the appellant as to appellee's single cause of action for personal injuries. Appellee filed no motion for a new trial after the rendition of this judgment, and, therefore, no appeal could be, nor was one, taken therefrom. It is further our opinion that since the appellee took no appeal from the judgment of October 25, 1960, nor did she make any objection to the entry of said judgment, that the judgment stands as a determination of the rights of the parties hereto and is a final judgment. *Kalleres et al.* v. *Glover, Receiver* (1935), 208 Ind. 472, 196 N. E. 679; *Ebenezer Old*

*People's Home of the Evangelical Church et al.* v. *Bernhard et al.* v. *Bernhard et al.* (1935), 100 Ind. App. 636, 196 N. E. 129.

The appellant maintains that each essential requirement necessary to invoke the doctrine of *res judicata* is present in the case at bar. Though the courts of Indiana have enunciated the elements of *res judicata* with varying degrees of completeness, depending upon whether the plea was entered at successive stages of the same cause of action, in the same court or in suits brought in different courts, a comprehensive statement of the rule is found in *Johnson* v. *Knudson-Mercer Company* (1906), 167 Ind. 429, 79 N. E. 367, wherein the court stated:

> "Under the approved practice of this State a plea of former adjudication must show: (1) That the former judgment was rendered by a court of competent jurisdiction; (2) that the matter now in issue was, or might have been, determined in the former suit; (3) that the particular controversy adjudicated in the former suit was between the parties to the present suit; (4) that the judgment in the former suit was rendered on the merits. . . ."

The first element of the doctrine, i.e., that the judgment was rendered by a court of competent jurisdiction, is present in the case at bar; that the Warrick Circuit Court had jurisdiction of appellee's cause of action is undisputed by the parties.

The requirement of the *Johnson* case, that the matter in issue before the trial court was, or might have been, determined in the former suit, also exists in the case at bar. The sole and only question before the trial court on the second trial of this suit was the alleged negligence of appellant with respect to the condition of a chair, which allegedly caused appellee's injuries. Appellee originally proceeded on the theory of *res ipsa loquitur*—a theory subsequently held inapplicable to the case at bar. *Evansville American Legion Home Association* v. *White* (1959), *supra.*

The Supreme Court of Indiana awarded a new trial on appellant's appeal. The appellee chose to disregard the decision of the court and proceeded to trial on the same paragraph one of the complaint and only after appellant's objection to further proceedings on paragraph one did appellee file a second separate paragraph of complaint *without withdrawing paragraph one*.

It is the further contention of the appellant that the appellee, initially, was free to not only base her cause of action on any ground or theory of negligence she chose, but also to litigate any specific act or acts of negligence; that appellee apparently deemed the specific acts of negligence alleged in paragraph two and the probative force of her evidence insufficient to sustain the acts of negligence in paragraph two, for she retained paragraph one after filing paragraph two; that only after a judgment was entered on paragraph one on October 25, 1960, did she abandon the theory of *res ipsa loquitur*; that appellee further refused to acknowledge the decision of the trial court by ignoring the judgment entered against her and that no appeal from this judgment was perfected; that appellee had forced herself into a position where she had only one alternative, i.e., to proceed to trial on her second paragraph of complaint, after a judgment had been entered against her on the first paragraph of complaint; that the judgment entered bars any further proceedings on matters which were or might have been litigated under paragraph two of appellee's amended complaint. *Castor et ux* v. *Gary Lumber Company* (1942), 220 Ind. 260, 41 N. E. 2d 943; *Cutler* v. *Cox* (1828), 2 Blackford 178; *Mutual Benefit Life Insurance Company* v. *Bachtenkircher, Receiver* (1935), 209 Ind. 106, 198 N. E. 81; *Board of Com'rs. of Adams County et al.* v. *State ex rel. Gibson et al.* (1948), 226 Ind. 633, 82 N. E. 2d 891.

The *Castor* case concerns an action on a note after the mortgagee sustained an adverse judgment in an action to

foreclose a mortgage and failed to appeal the adverse judgment. The court stated:

> " 'The law is well settled that where matters in issue between the parties to an action were, or might have been, litigated in a former action, such matters are considered "forever at rest." . . . The rule that every question which might "have been decided or litigated in a cause, will be presumed to have been decided, means that every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated.' "

Applying these principles to the factual circumstances herein, it must be presumed that every question which was within the issues of the amended complaint, as amended by interlineation, was proven and adjudicated. Therefore, it appears that the second essential element of *res judicata* is present.

The third essential element of *res judicata*, as stated in the *Johnson* case, is that the particular controversy in the former suit involved the same identical parties. This element is clearly established by the fact that the appellee, Anna Mary White, who complains of appellant, Evansville American Legion Home Association, and prays for judgment in the amended complaint, as amended by interlineation, is the same Anna Mary White who complains of appellant, Evansville American Legion Home Association, and prays for judgment in paragraph two of the complaint.

The final condition precedent to the applicability of *res judicata* is the requirement that the former judgment shall be on the merits. The general rule is that a judgment, in a former action or at a prior stage of the proceedings, based upon a motion for a directed verdict is sufficient to support the application of the doctrine of *res judicata*. *Kielczewski et al.* v. *Rochwalik et al.* (1956), 126 Ind. App. 206, 130 N. E. 2d 785, Reh. Den. 131 N. E. 2d 469; 30 Am. Jur., *Judgments*, Sec. 352, p. 394.

In the *Kielczewski* case the court directed a verdict, and, after a subsequent trial, it was specifically held on appeal that a directed verdict was sufficient to support the doctrine of *res judicata*. Accordingly, the directed verdict granted on Appellant's motion herein is sufficient to support the application of the doctrine of *res judicata*.

It appears without question that the record clearly demonstrates that each element of the doctrine of *res judicata* as pronounced in the *Johnson* case is present in the case at bar.

The next contention of appellant is that the entry of a *final judgment* establishes in the most conclusive manner and reduces to the most authentic form that which formerly was unsettled; that the cause of action, upon the entry of a judgment, merges into that judgment; that the cause of action loses its vitality, expends its force and effect and can never again become the basis of an action between the same parties, for the power of the cause of action to sustain rights, if any, and liabilities, if any, merges in the judgment rendered by a court of competent jurisdiction; that this *doctrine of merger* has its basis in the general proposition that the judgment is of a higher order of security than an ordinary cause of action, and for this reason the latter is merged in the former. *Mutual Benefit Life Insurance Company* v. *Bachtenkircher, Receiver* (1935), *supra; Bryant et al.* v. *Owens et al.* (1953), 232 Ind. 237, 111 N. E. 2d 804; *Ault* v. *Zehering* (1871), 38 Ind. 429, 433.

In the *Bryant* case the court considered circumstances analogous to those herein and held that where the court in one hearing finds for the petitioner on petition for custody of a child and against the cross-petitioner, the cross-petitioner cannot in a subsequent term of court retry the matter, for the reason that the judgment at the second term is void inasmuch as *the cause of action merged in the first judgment,* and it would be improper to grant a motion for a new trial

on the second judgment. The court further noted that "there is no issue left to try" on the second trial of the cause of action.

The principles announced in the *Bryant* case are unequivocally applicable to the facts at bar. Appellee's amended complaint as amended by interlineation (paragraph one) stated no cause of action upon which recovery could be had on the theory relied upon against the appellant. *Evansville American Legion Home Association* v. *White* (1959), 239 Ind. 138, 154 N. E. 2d 109. However, appellee in complete disregard of the decision of the Supreme Court elected to proceed on the identical amended complaint as amended by interlineation (paragraph one) at a second trial of her alleged cause of action with the result that the trial court peremptorily instructed the jury to return a verdict in favor of appellant and a judgment thereon was entered without objection from appellee. Appellee had but one cause of action as did the cross-petitioner in the *Bryant* case. Appellee's cause of action, under the established principles announced in the *Bryant* case, merged in the judgment rendered on her amended complaint as amended by interlineation (paragraph one) which became final thirty days after her failure to move for a new trial or to take steps to eliminate the final adjudication of her cause of action.

This court is in accord with the above rule and it is our opinion that appellee's amended complaint as amended by interlineation (paragraph one) stated no cause of action upon which recovery could be had on the theory relied upon against the appellant.

It is further the contention of the appellant that no litigant, including the appellee, is permitted to try a case in a piecemeal fashion. *Smith* v. *Smith* (1936), 102 Ind. App. 431, 200 N. E. 262; *The Indiana, Bloomington and Western Railway Company* v. *Koons* (1885), 105 Ind. 507, 510, 5 N. E. 549.

To paraphrase the language used in the *Koons* case, "a party will not be permitted to present by piecemeal, in successive suits, claims which grow out of a 'single accident' which might have been litigated and determined when the suit was first brought," (in the case at bar, after the decision of the Supreme Court). "In such a case the judgment in the first suit will be a conclusive merger of all the plaintiff's rights under the alleged cause of action."

Appellant maintains, in the light of the above cited cases, that the appellee's sole cause of action, merged in the judgment of October 25, 1960, leaving her no ground on which to base any subsequent proceedings. Thus, the trial court's subsequent submission of paragraph two of appellee's complaint, after final judgment entered on paragraph one, was completely in error.

With this contention of the appellant the court is in agreement, and it is our opinion that the trial court erred in submitting paragraph two of appellee's complaint after final judgment had been entered on paragraph one.

In summary, it is our opinion that the appellee has but one cause of action regardless of the number of theories advanced. Through her own neglect and failure to take cognizance of the Supreme Court decision in *Evansville American Legion Home Association* v. *White* (1959), *supra,* appellee caused a final judgment to be entered against her on one theory of her complaint, and her sole cause of action merged into that judgment upon entry thereof. That there has been a judgment on the merits, in a controversy between the parties to the present action, by a court of competent jurisdiction and the judgment entered, barred any further proceedings on the matters subject to litigation under paragraph two of appellee's complaint. The doctrine of *res judicata* prevents appellee from proceeding once again to trial on a cause of action which has been previously adjudicated against her on the merits. *Hord, Trustee, Successor to*

*Bissell, Trustee,* v. *Bradbury* (1901), 156 Ind. 20, 28, 29, 59 N. E. 27; *Armstrong et al.* v. *Hufty* (1901), 156 Ind. 606, 60 N. E. 1080; *Johnson et al.* v. *Knudson-Mercer Company* (1906), 167 Ind. 429, 79 N. E. 367.

Appellant further maintains that the very same question was decided by this court in favor of the appellant on the last appeal by assignment of cross-errors. *White* v. *Evansville American Legion Home Association* (1965, Indiana Appellate Court), 207 N. E. 2d 820, 841-845.

The cause was subsequently transferred to the Supreme Court and reversed because of error in the giving of certain instructions. *White* v. *Evansville American Legion Home Association, supra.*

It is our opinion that the Supreme Court in the above cited case did not *consider or decide* the question presented in this appeal and which was presented by appellant's cross-appeal. It is further our opinion that this court is free to decide this question as it did on the last appeal, since questions which might have been but were not decided on a previous appeal do not become "the law of the case." *Egbert* v. *Egbert et al.* (1956), 235 Ind. 405, 414, 132 N. E. 2d 910; *Alerding et al., Executors* v. *Allison* (1908), 170 Ind. 252, 83 N. E. 1006.

The Supreme Court in the *Egbert* case criticized past Indiana decisions which did not specifically limit the rule of law of the case to questions actually decided on a past appeal and proclaimed the rule to be as follows:

". . . The rule of the law of the case is to be distinguished from the rules of the res judicata. 'The rule of "the law of the case," thus limited to the point or points considered and decided on the first appeal, meets our full approval. But we cannot agree to the claim of appellee's counsel, that "the law of the case" precludes us from considering and deciding now, on the second appeal of this cause, any questions which might have been, but were not, considered and decided as the case was

presented on the first appeal. Such claim seems to us unreasonable, although we are aware that it is supported by many respective authorities, and even by the language used in some of the reported opinions of this court.' Davis v. Krug (1884), 95 Ind. 1, 9. Questions which might have been but were not considered or decided in the first and prior appeal do not become the law of the case. 'Only points decided become the law of the case.' Wine v. Woods (1902), 158 Ind. 388, 391, 63 N. E. 759."

It is further our opinion that the opinion of the Supreme Court in *White* v. *Evansville American Legion Home Association* (1965), *supra*, did not become "the law of the case" with respect to the question of *res judicata*, since this question was never considered or decided by the Supreme Court.

It is further our opinion that the question raised in the *Egbert* case and the question herein presented can only be classified as *sui generis*. However, the peculiar facts which have brought into play the principles of merger and *res judicata* are the responsibility of the appellee alone. It was the appellee who insisted on proceeding under a theory of *res ipsa loquitur* during the second trial of this cause after the Supreme Court had specifically held that the doctrine was not applicable. The appellee could still have avoided the predicament in which she now finds herself by several means, as follows:

1. Appellee was given an opportunity to withdraw paragraph one of the amended complaint and could have done so at any time prior to the entry of the directed verdict and judgment thereon;

2. Appellee could have objected to the entry of the judgment; and

3. Appellee could have appealed from the judgment entered on the amended complaint as amended by interlineation (paragraph one).

Appellee refused to do any of the above, and it is our opinion that the doctrines of *merger* and *res judicata* pre-

vented the trial court from entering judgment in favor of appellee.

The appellant maintains that "if the decision below is affirmed on this appeal, we will have two diametrically opposed judgments entered in one cause of action—a judgment in favor of appellant and a judgment in favor of appellee. Such a result would, to say the least, give this case a place of its own in the history of Indiana jurisprudence."

All assignments of error contained in the motion for a new trial have been considered. Those not covered by the foregoing opinion are regarded as unimportant and not necessary to the determination of this appeal.

Judgment reversed with instructions to the trial court to grant a motion for a new trial. The trial court is further instructed to overrule appellee's motion to strike appellant's third and fourth paragraphs of answer.

Pfaff, C. J. and Bierly and Cook, JJ. concur.

NOTE.—Reported in 230 N. E. 2d 623.