Gregory J. CRAM, Appellant (Plaintiff),

v.

Ray HOWELL, M.D., Appellee
(Defendant).

No. 67S01–9609–CV–608.

Supreme Court of Indiana.

May 30, 1997.

Thomas A. Withrow, B. Keith Shake, Debra A. Mastrian, Henderson, Daily, Withrow & Pence Devoe, Indianapolis, for appellant.

John David Hoover, Ronald G. Sentman, Sally F. Zweig, Johnson Smith Pence Densborn Wright & Heath, Indianapolis, for appellee.

On Petition To Transfer

DICKSON, Justice.

Finding that a physician owed no duty of care to an unknown person allegedly injured by the physician's treatment of a patient, the Court of Appeals affirmed the trial court's dismissal of a medical malpractice complaint under Indiana Trial Rule 12(B)(6). *Cram v. Howell,* 662 N.E.2d 678 (Ind.Ct.App.1996). We granted transfer and now reverse the dismissal.

In reviewing a dismissal under Trial Rule 12(B)(6), an appellate court must determine whether, in the light most favorable to the plaintiff and with every inference drawn in his favor, the complaint stated any set of allegations upon which the trial court could have granted relief. *See Culver–Union Township Ambulance Serv. v. Steindler,* 629 N.E.2d 1231, 1235 (Ind.1994); *Couch v. Hamilton County,* 609 N.E.2d 39, 41 (Ind.Ct. App.1993); *Ivey v. Massachusetts Bay Ins. Co.,* 569 N.E.2d 692, 694 (Ind.Ct.App.1991); *Lincoln Nat'l Bank v. Mundinger,* 528 N.E.2d 829, 832 (Ind.Ct.App.1988).

Pursuant to Indiana Code Section 27–12–11–1 and Indiana Trial Rule 12(D), the plain-

tiff in this medical malpractice case filed his proposed complaint and a motion for a preliminary determination of law regarding "the existence of a duty of a health care provider to third-party non-patients under the facts [of the proposed complaint]." Record at 8. Summarized, the plaintiff's proposed complaint includes the following assertions. The defendant, Dr. Ray Howell ("Dr. Howell"), gave his patient, Rodney Weninger ("Weninger"), certain immunizations and/or vaccinations at his office. This treatment caused Weninger to experience episodes of loss of consciousness, two of which occurred in Dr. Howell's office. Despite Weninger's loss of consciousness at the doctor's office, Dr. Howell failed to monitor Weninger for a sufficient period of time thereafter and failed to warn Weninger of the dangers associated with operating a vehicle after receiving the immunizations and/or vaccinations. Weninger then drove from Dr. Howell's office, lost consciousness, and his out-of-control vehicle collided with George Cram, causing Cram's death. Record at 5–7. The trial court found, as a matter of law, that the plaintiff's complaint "under the facts set forth therein, does not state a cause of action upon which relief can be granted as no duty as alleged exists under Indiana law," Record at 276, and dismissed the complaint pursuant to Trial Rule 12(B)(6).

■■■ In his appeal from the trial court dismissal, the plaintiff asserts that his complaint is sufficient to establish that the physician had a duty of care to the plaintiff's decedent in accordance with *Webb v. Jarvis,* 575 N.E.2d 992 (Ind.1991), another case involving the evaluation of a physician's duty to a third party. The existence of duty in a negligence case is a question of law appropriate for appellate determination. *Id.* at 995. In *Webb* we affirmed a summary judgment for a defendant physician in a malpractice claim alleging that the physician had prescribed anabolic steroids to a patient who developed a toxic psychosis from the medication and later went into a rage, shooting

the plaintiff. To determine whether the defendant physician owed a duty of care to the victim of his patient's subsequent violence, we considered three factors: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person who was injured; and (3) public policy concerns. *Id.* at 995. These three factors are used in a balancing approach, not as three distinct and necessary elements.[1] *Id.*

The analysis in *Webb* principally found: (1) that there was no relationship between the physician and the nonpatient injured plaintiff; (2) that it was not reasonably foreseeable the doctor's prescription would cause his patient to use a weapon to harm another because there was no sufficient "causal connection between the use of steroids and violent behavior," *id.* at 997; and (3) that public policy considerations weighed against imposing a duty on physicians to consider unknown third persons in deciding whether to prescribe a course of drug therapy for a patient. *Id.* In its conclusion, *Webb* emphasized that its application of the balancing test was necessarily case specific.

Our analysis of the three factors which must be balanced in order to impose a duty leads us to conclude that generally physicians do not owe a duty to unknown nonpatients who may be injured by the physician's treatment of a patient. This conclusion should not be interpreted as inoculating physicians so as to give them complete immunity against third person claims. In a different factual case, the duty analysis undertaken here could lead to a different conclusion. Under the circumstances of this case, however, the balancing of the relationship between the parties, foreseeability, and public policy results in our concluding that Dr. Webb owed Jarvis [the plaintiff] no duty in his prescribing of medicine to Neal [the patient].

575 N.E.2d at 998.

Accepting all of the plaintiff's allegations as true, with all inferences in favor of the

---

**1.** The three factor balancing test articulated in *Webb* provides an extremely useful method of analysis, but not necessarily the exclusive test, for determining the existence of duty under Indiana law. *See, e.g., Stump v. Commercial*

*Union,* 601 N.E.2d 327, 332 (Ind.1992); *Cowe v. Forum Group, Inc.,* 575 N.E.2d 630, 636–37 (Ind. 1991); *Gariup Const. Co. v. Foster,* 519 N.E.2d 1224, 1227 (Ind.1988).

plaintiff, we find that the present case differs significantly from *Webb*. We first observe that the relationship between the defendant physician and injured plaintiff is substantially similar in both the present case and *Webb*. However, as to the foreseeability factor, the complaint alleges facts that imply the defendant physician had actual knowledge that his immunizations and/or vaccinations caused repeated loss of consciousness in his patient. It was therefore reasonably foreseeable that the patient, if permitted to drive in this condition, would injure third persons. Furthermore, the public policy considerations here strongly contrast to those in *Webb*. The plaintiff's claim did not suggest that the physician should have refrained from the appropriate treatment of his patient, but rather that the physician should have monitored his patient for a sufficient period of time before permitting him to leave the doctor's office, and that the physician failed to instruct and warn his patient of the dangers associated with operating a vehicle in such a condition. Thus, the imposition of a legal duty of care upon the physician here does not substantially impinge upon his professional obligation to treat his patient. Balancing the three *Webb* factors, we find that the defendant physician here owed a duty of care to take reasonable precautions in monitoring, releasing, and warning his patient for the protection of unknown third persons potentially jeopardized by the patient's driving upon leaving the physician's office.

We further observe that, unlike *Webb* which involved the grant of a summary judgment, the present case comes to us following the trial court's dismissal on grounds that the complaint failed to state any facts upon which relief can be granted. Dismissals under Trial Rule 12(B)(6) are "improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Obremski v. Henderson*, 497 N.E.2d 909, 910 (Ind.1986).

We find that the plaintiff's complaint did not fail to state a cause of action. Transfer from the Court of Appeals having been previously granted, we now reverse the judgment of the trial court. This cause is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and SELBY and BOEHM, JJ., concur.

SULLIVAN, J., concurs in result and concurs in the opinion except as to the inclusion of footnote 1.