Robert McGLOTHLIN, Appellant
(Plaintiff Below),

v.

M & U TRUCKING, INC., Transamerica Leasing, Inc. and Southern Pacific Transportation Company, Appellees (Defendants Below).

No. 53S05–9510–CV–1217.

Supreme Court of Indiana.

Dec. 2, 1997.

See also, 687 N.E.2d 358.

Bruce A. MacTavish, Pardieck, Gill & Vargo, Seymour, John H. Shean, Bloomington, for Appellant.

Stephen R. Pennell, Brent W. Huber, Stuart & Branigin, Lafayette, for appellees Transamerica Leasing, Inc. and Southern Pacific Transportation Company.

Thomas J. Belcher, Kelley Belcher & Brown, Bloomington, for appellee M & U Trucking, Inc.

ON PETITION TO TRANSFER

DICKSON, Justice.

When a defective chattel causes personal injury, should the legal duty owed by a supplier of the chattel rest upon whether the

defect is considered "latent" rather than "patent"? We granted transfer to address the continued viability of the latent/patent distinction.

On February 26, 1990, the plaintiff, Robert McGlothlin, an employee of Thomson Consumer Electronics in Bloomington, Indiana, was injured while loading televisions into a semi-trailer when its landing gear[1] collapsed. The semi-trailer, owned by defendant Transamerica Leasing, Inc. ("Transamerica"), was provided on February 3, 1990, to defendant Southern Pacific Transportation Company ("Southern Pacific"), which transported it by railroad car to Texas, Arkansas, and Missouri. Defendant M & U Trucking, Inc. ("M & U"), took possession of the semi-trailer on February 20, 1990, and transported it to the Thomson Consumer Electronics site. The plaintiff's complaint alleges that each of the defendants "negligently owned, operated and maintained" the trailers, and that their breach of that duty caused the plaintiff's injuries. Record at 24. The plaintiff's expert, in an affidavit, stated that the defendants' repair and inspection procedures for latent defects were inadequate and that the inadequacy "contributed to the collapse of trailer landing gear." Record at 388. Although the plaintiff claimed that "Transamerica's inspection and repair policies did not provide procedures to find latent defects in the landing gear," Record at 367, the trial court entered summary judgment against the plaintiff, concluding, *inter alia,* that "Indiana law does not impose a duty on [the defendants] to discover latent defects." Record at 1593. McGlothlin is appealing only the grant of summary judgment favoring Transamerica and Southern Pacific.[2]

The Court of Appeals, although noting that the affidavit of the plaintiff's experts raised a genuine issue of fact concerning whether there existed a latent defect in the landing gear, nevertheless affirmed because it found, as a matter of law, that no duty existed. The court stated, "[n]o Indiana court has addressed directly the question of a supplier's liability for injury cased by a latent defect in a chattel furnished for the use of another," and concluded that the defendants "did not owe McGlothlin a duty to detect a latent defect in the landing gear." *McGlothlin v. M & U Trucking, Inc.,* 649 N.E.2d 135, 139–40 (Ind.Ct.App.1995).

Shortly after *McGlothlin,* the Court of Appeals was again faced with this issue in *Bloemker v. Detroit Diesel Corp.,* 655 N.E.2d 117 (Ind.Ct.App.1995), which acknowledged that *McGlothlin* had analyzed the scope of the duty owed "in terms of the facts and circumstances surrounding the inspection, including the nature of the defect," and held that the duty to inspect, discover, and warn of a defect depends upon whether the defect is patent or latent. *Id.* at 122–23. However, the *Bloemker* court was critical of the rationale employed in *McGlothlin.*

> Defining the duty owed in terms of the nature of the defect overlooks the distinction between the existence of a duty and the breach of that duty. The duty would appear to be one of inspection in the first instance because there is no way of knowing the nature of the defect as latent or patent without inspection. The nature of the defect becomes relevant only when determining whether the duty to inspect was breached. Breach of the duty would arise where a supplier of a chattel fails, upon reasonable inspection, to discover a patent defect. Where a latent defect exists, there would be no breach for failing to discover the defect so long as a reasonable inspection was performed.

*Id.* at 123.

In light of analogous contemporary jurisprudence from this Court, the *Bloemker* court disagreed with the *McGlothlin* latent/patent distinction. However, notwithstanding its disagreement, the *Bloemker* court acknowledged the existence of controlling precedent consistent with *McGlothlin,* precedent which held that "[t]he duty to inspect arises from knowledge of possible de-

---

[1]. The landing gear is a set of retractable legs in the forward part of a semi-trailer which supports the trailer when it is not linked to a semi-tractor.

[2]. M & U was involved in the action only because Transamerica and Southern Pacific filed a cross-claim for indemnity against M & U. McGlothlin has not appealed the grant of summary judgment with respect to M & U.

fects or their reasonable probability." *Id.* (citing *Evansville Am. Legion Home Ass'n v. White,* 239 Ind. 138, 141, 154 N.E.2d 109, 111 (1958)). We agree with the concerns expressed by the *Bloemker* court and overrule *White.*

During the forty-nine years that have elapsed since *White,* especially in recent years, this Court has discussed the role of duty as one of the elements of the tort of negligence and explored the factors courts use in determining whether a duty exists in a particular case, noting as significant among these considerations the relationship of the parties, the reasonable foreseeability of harm to the person injured, and public policy concerns. *See, e.g., Perdue Farms, Inc. v. Pryor,* 683 N.E.2d 239, 241 (Ind.1997); *Cram v. Howell,* 680 N.E.2d 1096, 1097 (Ind.1997); *Hooks SuperX, Inc. v. McLaughlin,* 642 N.E.2d 514, 517–19 (Ind.1994); *Walker v. Rinck,* 604 N.E.2d 591, 594–95 (Ind.1992); *Stump v. Commercial Union,* 601 N.E.2d 327, 332 (Ind.1992); *Cowe v. Forum Group,* 575 N.E.2d 630, 636–37 (Ind.1991); *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991); *Gariup Constr. Co. v. Foster,* 519 N.E.2d 1224, 1227 (Ind.1988). The conclusion in *White,* which narrowly determined duty based upon a supplier's knowledge of potential defects, is inconsistent with the broader evaluation as to duty that we now require.

■ When the alleged negligence is the supplying of a defective chattel that causes injury, the appropriate considerations are better reflected in Sections 388 and 392 of the Restatement (Second) of Torts:

One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

RESTATEMENT (SECOND) OF TORTS § 388 (1965).

One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied

(a) if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied or,

(b) if he fails to exercise reasonable care to discover its dangerous condition or character, and to inform those whom he should expect to use it.

RESTATEMENT (SECOND) OF TORTS § 392 (1965).

■ The factors incorporated in each of these sections are consistent with our jurisprudence regarding the determination of whether a duty exists. To the extent that the latent/patent distinction may have been employed in earlier cases as the basis for deciding the existence of a legal duty to inspect, we find it unsatisfactory. We agree with the Court of Appeals in *Bloemker* that the inquiry into the reasonable discoverability of a defect may be proper in evaluating whether a supplier has breached the duty of reasonable care but not in determining whether such duty exists. The latent/patent distinction employed in *White* for evaluating the existence of a legal duty is hereby overruled.

Transfer having been previously granted, we vacate that portion of the Court of Appeals opinion relating to the latent/patent distinction, but otherwise summarily affirm. Ind.Appellate Rule 11(B)(3). Accordingly, we vacate the entry of summary judgment in favor of defendants Transamerica and Southern Pacific and remand to the trial court for

reconsideration and further proceedings consistent with this opinion.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.